## Albert S. Warren *vs.* Inhabitants of Durham.

*Towns—contract with—liability upon such contract.*

To recover in an action against a town, founded upon its vote, the plaintiff must bring his claim strictly within the terms of such vote.

Thus, where a town voted to pay $500 for men mustered into the U. S. service for three years and credited upon its quota, no claim arises for re-payment of a smaller sum expended in procuring a man to be so mustered and credited, by agreement between the town and the plaintiff, as whose substitute such man was mustered; the soldier having received the $500 from the town.

On report.

This is an action of assumpsit, commenced by writ dated Dec. 15, 1870, containing two counts; the first special, declaring upon votes of the town of Durham, the effect of which was that $500 was voted to be paid to each man mustered into the service of the United States, and credited upon the town's quota, for three years, the selectmen to hire the money to pay this bounty upon the credit of the town; the second count was for money had and received.

The plaintiff claimed to have lent the town three hundred dollars, to be used toward filling this quota. He had been drafted for one year and had agreed to pay $400 for a substitute to serve during that term. Three years' men could be procured for $800. The town contended that, by agreement, the plaintiff's substitute received but $300 from him, and was paid $500 more by the town, in consideration of enlisting for three years, instead of for one.

*S. & J. W. May* and *C. Record*, for plaintiff, cited *Concord* v. *Delany*, 58 Maine, 317.

*Frye & Cotton*, for defendant.

The arguments of counsel were directed to the questions of fact involved, which renders it unnecessary to report them. The opinion of the court sufficiently indicates what facts were found to exist.

KENT, J.   The plaintiff makes no claim in this action for the bounty voted by the town.   The town had a right to determine what bounty it would give, and to what class of soldiers.   The plaintiff does not allege that he, being drafted for one year, came within the votes of the town.   This action is a naked assumpsit for money loaned to the town.   There is no evidence in the case of any note, memorandum, town order, or any direct promise to pay by a vote of the town, or by any of its officers authorized to bind the town. .

We gather from the evidence these facts in brief: The plaintiff was drafted for one year.   The town did not vote to pay any bounty for one year's men, but did for three years' men.   The plaintiff had engaged a substitute for his year, and was about to pay him four hundred dollars.   The town was attempting to obtain men for its quota, having voted $500 as a bounty.   But men could not be readly obtained for that term of service under seven to eight hundred dollars.   The town was willing to pay to or for the plaintiff the five hundred dollars to aid him in putting in a man for three years, by which he would avoid future drafts for three years.

The understanding or agreement between him and the agents of the town, seems to have been, in effect, that the town should pay the five hundred dollars bounty to him, or to a broker for him, to enable him to obtain a substitute for himself and a three years' man for the town quota, by the payment, himself, of the balance of seven or eight hundred dollars, required to secure such a substitute and volunteer.   Thus the town officers paid all they were authorized to pay for any soldier, and the plaintiff escaped duty by paying the balance required over five hundred dollars—instead of paying $400 to his substitute first engaged.

This seems to have been the understanding of the plaintiff when he gave the certificate (B), in which, after stating that he had been drafted, he says that he has received of the treasurer of the town five hnndred dollars, " to pay volunteers, substitutes, or drafted men when mustered into the United States service, to fill the quota of said town."

He now insists that, instead of having the money of the town to use towards obtaining his substitute, he loaned the town the three hundred dollars, which he furnished to make out the required sum. He admits, in his testimony, that the money furnished by him " was to be paid over to the man who was furnished as a substitute for me." And afterwards he says, " it was my substitute for one year, the other two years for the town." The whole transaction relating to the money had reference, directly, to obtaining this one man, who was to stand in lieu of plaintiff, and the money paid or advanced by the plaintiff was to be applied to this single case. Now, the town had not voted any bounty for one year which the plaintiff could claim. The town was under no legal obligation to aid him in procuring a substitute. The town officers could not use any of the five hundred dollars voted for each three years' man, because it was limited to that class. The best they could do, without farther action of the town, was to go into a sort of co-partnership, by which the town would pay for two-thirds and the plaintiff one-third, of the three years' man.

The action is based simply on a promise, arising from a loan of money to the town. There seem to be several objections fatal to the plaintiff's case. 1. No money seems to have been loaned. 2. No vote of the town authorized any one to borrow money to pay any sum beyond five hundred dollars for a man, or ratified such act. 3. No promise was ever made, or contract entered into, by any authorized agent or officer of the town, by which any attempt was made to bind the town to repay this money.

It may seem hard that the plaintiff should be deprived, in fact, of the benefit of a bounty to aid him in procuring a substitute. But, as before stated, the town could designate the objects of its bounty, and if no bounty was voted to the one year's man, the plaintiff, simply, was not within the vote. If the cost of substitutes or volunteers, for three years, had not risen so rapidly and so high, the five hundred dollars might have been sufficient to obtain this man without requiring any contribution from the plaintiff.

On the whole case our opinion is, that the plaintiff on this evidence cannot recover on the grounds stated in his declaration.

*Plaintiff nonsuit.*

APPLETON, C. J.; WALTON, DICKERSON, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.